MICHAEL AJEMIAN *vs.* HARRY E. ROBINSON.

Suffolk.     November 7, 1916. — February 26, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Consideration.   *Contract,* Consideration.

In an action on a promissory note against the maker by a holder who received it from the payee indorsed by him in blank, evidence, that the defendant gave the note to the payee to use to pay the debts of the defendant and that the payee did pay those debts, is sufficient to prove a consideration between the parties to the instrument.

CONTRACT upon a promissory note for $200 indorsed in blank by the payee for the amount of the note and interest thereon from October 21, 1915.   Writ dated January 21, 1916.

The defendant's answer alleged that the note was given to the payee without consideration and that the plaintiff was not a holder in due course.

In the Superior Court the case was tried before *Hall,* J.   The evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"3. Upon all the evidence the jury would not be warranted in finding that the plaintiff was the holder in due course of the note."

"8. The jury are instructed that the written agreement between Putnam, Bazirgan [the payee] and Robinson is binding upon Bazirgan, and there is no sufficient evidence of its modification." This was an agreement to buy jointly two hundred shares of the common stock of the United Shoe Machinery Company.

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $207.10.   The defendant alleged exceptions.

*W. B. Farr,* for the defendant.

*C. H. Donahue,* for the plaintiff.

PIERCE, J.   This is an action by the holder upon a note for $200 signed by the defendant, dated July 21, 1915, payable ninety days

after date at any national bank, to the order of Charles S. Bazirgan, and indorsed by him in blank.

The defence was that the plaintiff was not a holder in due course and that the note was given without consideration. At the trial the plaintiff introduced in evidence the note in suit, testified that he was the holder, and that he had received it from the payee. The defendant, to show that the title of the payee was defective under R. L. c. 73, §§ 72, 76, introduced evidence from which it reasonably could have been inferred that the note was left by the defendant with the payee to be used only to protect "their margin in case the stock market fell."

It is not contended that the plaintiff had notice when he received the note that it was made and delivered to the payee under an agreement that restricted its negotiation to a specifically defined and limited use. But it is contended that the evidence for the plaintiff was not sufficient to warrant a finding that the plaintiff became the holder of the note before it was overdue, or to find that the plaintiff took it for value and that therefore the request to charge that "Upon all the evidence the jury would not be warranted in finding that the plaintiff was the holder in due course of the note" should have been given.

Notwithstanding the failure or inability of the plaintiff to state in positive terms the day when he received the note, and giving weight to the fact that the note was not deposited for collection with a bank until more than ten days after its maturity, nevertheless, we think fair minded men rationally could have inferred from the testimony and from the appearance of the witnesses that the note was negotiated to the plaintiff for value before maturity, and that this issue properly was submitted to the jury.

There was testimony to warrant a finding that the defendant gave the note to the payee to use to pay the debts of the defendant, and that the payee did pay the debts. This evidence, if believed, is sufficient to prove a consideration between the parties to the instrument.

The remaining request "that the written agreement between Putnam, Bazirgan and Robinson is binding upon Bazirgan, and there is no sufficient evidence of its modification," could not have been given rightly, as the evidence fully warranted the jury in finding that the original agreement was discharged by mutual

consent and that thereafter Bazirgan and Robinson were the only persons bound by its necessarily modified terms.

The remaining exceptions are waived.

*Exceptions overruled.*